IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CALVIN CARPENTER, *et al*,   )  )       Plaintiff,    )  ) v.           ) KELLEY FOODS OF ALABAMA, INC.,   )  )       Defendant.    ) | CIVIL ACTION NO.  1:04CV1181-C          (WO) |

**ORDER**

On February 22, 2006, the plaintiffs filed a document entitled "Brief in Supplement to Plaintiffs' Renewed Motion for Judgment as a Matter of Law and, Alternatively, Motion for a New Trial (Doc. # 110), in which they request that "the Court set aside the verdict and enter judgment as a matter of law in favor of the plaintiffs . . . or in the alternative, grant a new trial."[1]  (Br. at 9)

This case proceeded to a jury trial on January 23, 2006.  On January 30, 2006, at the close of their case, the plaintiffs moved for judgment as a matter of law.  The Court orally denied the plaintiffs' motion.  On January 31, 2006, the parties again moved for judgment as a matter of law which the Court denied.  The defendant then rested without putting on any evidence. The parties renewed their motions for judgment as a matter of law, and the Court denied those motions.  The jury returned verdicts in favor of the defendant and against the

---

[1] The document was filed electronically, through the Court's Case Management/Electronic Case Filing (CM/ECS) system, as a motion.  However, because the pleading was in actuality a brief, the Clerk of the Court corrected the docket sheet to reflect the appropriate event code.  *See* Electronic Docket Sheet.

plaintiffs. Plaintiffs' counsel announced in open court that she "would be filing a motion." On February 2, 2006, the Court entered final judgment in accordance with the jury's verdict. (Doc. # 108).

FED. R. CIV. P. 50 governs motions for judgment as a matter of law. Specifically, FED. R. CIV. P. 50(b) provides, in pertinent part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, a court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by *filing a motion no later than 10 days after entry of judgment* – and may alternatively request a new trial or join a motion for a new trial under Rule 59.[2]. . .

FED. R. CIV. P. 50(b) (emphasis added).

The Court entered final judgment on February 2, 2006. Consequently, the plaintiffs' motion to renew their motion for judgment as a matter of law or motion for new trial was required to be filed no later than February 16, 2006. The plaintiffs filed their brief on February 20, 2006. Although the plaintiffs contend that "[a]t the close of all evidence, the plaintiffs orally moved, pursuant to Rule 50, for judgment as a matter of law," and their brief is in support of that motion, that motion was denied during the trial. To renew that motion, FED. R. CIV. P. 50(b) requires that the plaintiffs file a motion within ten days of entry of judgment. This, the plaintiffs did not do. Consequently, there is no pending motion for

---

[2]FED. R. CIV. P. 59 permits a motion for new trial, provided that the motion is "filed **no later than 10 days after entry of the judgment**." (emphasis added).

judgment as a matter of law.

To the extent that the plaintiffs' brief could be construed as "renewing" their motion pursuant to Rule 50 or Rule 59, the brief was filed beyond the ten days required by the Rules, on February 20, 2006, and thus, any renewed motion pursuant to Rule 50 or Rule 59 is untimely. Consequently, the failure to meet the time requirements of FED. R. CIV. P. 50 and 59 is sufficient reason to deny any "renewed" motions.

However, were the motions timely and the court to consider the substance of the motions, the motions would still be due to be denied. The plaintiffs argue that they met their burden of establishing a *prima facie* case of discrimination which the defendant did not dispute. Once the plaintiffs met their *prima facie* case, and the defendant responded with a non-discriminatory reason for termination (which it did), the presumptions and burdens established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) drop out of the case and the sole remaining question for the jury is whether the plaintiffs were victims of intentional discrimination. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983). *See also Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189 (11th Cir. 2004).

The jury found that the plaintiffs' race was a not substantial or motivating factor in their terminations. Factual determinations are within the province of the jury, and sufficient evidence was presented to the jury to support their verdicts.

Accordingly, upon consideration of the brief in supplement of plaintiffs' renewed motion for judgment as a matter of law and alternatively, motion for new, it is

ORDERED that, to the extent that the brief could be construed as a motion to set aside the verdict, motion for judgment as a matter of law, or motion for new trial, those motions are untimely and are hereby DENIED.

Done this 23rd day of February, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE