IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM CALVIN CARPENTER, *et al*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:04cv1181-CSC |
| | ) | (WO) |
| KELLEY FOODS OF ALABAMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the defendant's motion for attorney's fees pursuant to FED. R. CIV. P. 37(c).  (Doc. # 109).  On February 2, 2006, the court entered judgment for the defendant on all of the plaintiffs' claims in accordance with the jury verdicts rendered on January 31, 2006.  On February 16, 2006, the defendant filed a motion for attorney's fees related to "plaintiff William Calvin Carpenter's January 27, 2005, denial of paragraph 3 of [Kelley Foods'] first request for admissions under FED. R. CIV. P. Rule 36 [which] caused [Kelley Foods] to expend attorney's fees and expenses in establishing the fact denied." (Fed. R. Civ. P. Rule 37(c) Motion for Award of Attorney's Fees, doc. # 109, at 1).  The defendant seeks fees in the amount of $3,632.50.

FED. R. CIV. P. 37(c)(2) permits an award of reasonable expenses, including attorney's fees, if a party proves the truth of an admission previously denied.

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other

party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

FED. R. CIV. P. 37(c)(2).

The law is well established that the decision to award fees and costs is entirely within the Court's discretion. *See Norwood v. Harrison*, 581 F.2d 518 (5th Cir. 1978); *Weeks v. Southern Bell Tel. & Tel. Co.*, 467 F.2d 95 (5th Cir. 1972).[1]  The defendant seeks $3,632.50 in attorney's fees.[2]  The plaintiffs oppose any award of fees.

The admission in controversy was presented to plaintiff Carpenter in January 2005 in response to the defendant's First Request for Admissions.

> 3.  This plaintiff is aware of no other employee who has displayed a pornographic video to subordinate employees during working time while employed by defendant.
>
> RESPONSE: The plaintiff objects to this Request to the extent that the term "video" is ambiguous, vague, and does not accurately reflect the computer image(s) at issue in this case. Notwithstanding these objections, the plaintiff responds as follows:
>
> Denied.  Plaintiff is aware of members of management and in supervisory positions showing computer video clips containing pornographic substance

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Attorney John Coleman, III seeks attorney's fees in the amount of $2,475.00 for 11 hours at $225.00 per hour.  Attorney Ron Flowers seeks attorney's fees in the amount of $825.00 for 5.5 hours at $150.00 per hour.  The attorneys seek reimbursement for paralegal Leslie Clay's work in the amount of 332.50 for 3.5 hours of work at $95.00 per hour.

(sic) at the workplace and in the presence of subordinate employees.
(Doc. # 109 at 2, ¶ 2).

The defendant argues that because the plaintiffs "offered no evidence that such other clips existed" or were "displayed to subordinates," Kelley Foods "was put through considerable expense to establish that Mr. Carpenter's denial of this fact was false." (*Id.* at 3, ¶ 3). The defendant overestimates the importance of this single admission. The issues in this case have been hotly contested and vigorously litigated in lengthy proceedings including depositions and a seven day jury trial. Carpenter consistently asserted that the material at issue was not simply a "pornographic video" – but rather, other sexually explicit and offensive e-mails which contained partial nudity were routinely distributed at Kelley Foods. Kelley Foods also took the position that Carpenter was not simply fired for showing the computer clip but that he was fired because someone complained about the video clip. But aside from all these considerations, while Kelley may have proved that other employees did not show subordinates a pornographic video, Kelley did not prove what the plaintiff was "aware" of. The admission was not framed in terms of a fact; instead, it was framed in terms of the plaintiff's awareness. Consequently, in accordance with FED. R. CIV. P. 37(c)(2), the court makes the following findings that: (1) the admission sought was of no substantial importance; (2) the plaintiff had reasonable ground to believe that he might prevail on the issue of what constituted "pornographic" material; and (3) the defendant did not rely solely on this admission to defend actions taken against Carpenter. Accordingly, for the reasons

as stated, and for good cause, it is

ORDERED and ADJUDGED that the motion for attorney's fees (doc. # 109) be and is hereby DENIED.

Done this 17th day of August, 2006.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE