IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CALVIN CARPENTER, *et al*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:04cv1181-CSC |
| ) | (WO) |
| KELLEY FOODS OF ALABAMA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs William Calvin Carpenter ("Carpenter") and James Keith Rogers ("Rogers") filed suit against their employer, Kelley Foods of Alabama ("Kelley").  On February 2, 2006, the court entered judgment for the defendant on all of the plaintiffs' claims in accordance with the jury verdicts rendered on January 31, 2006.  Costs were taxed against the plaintiffs.  On March 2, 2006, the defendant filed a bill of costs in the amount of $11,381.03 to which the plaintiffs object to the cost of nine depositions and the witness fee for Claude Daniels in the amount of $88.50.

As prevailing parties, the defendants seek reimbursement of $11,381.03 in costs for depositions ($5009.13), printing fees ($3729.10), fees for exemplification and copies of papers necessarily obtained for use in this case ($161.00), other costs for notebooks for jurors and the court during trial ($911.64), witness fees for Dr. Marianne Rosenzweig ($1481.66) and witness fees for Claude Daniels ($88.50).  The plaintiffs object to the cost for nine

depositions[1] on grounds that these deposition costs are "unreasonable and were not necessary to the case." (Pls' Objections to the Defs' Bill of Costs at 2). The plaintiffs argue that the defendant makes no showing that the depositions were necessary or that the depositions were used at trial. According to the plaintiffs, "[i]n order to recover costs, it is incumbent on the defendant to show that the depositions of any of these individuals were used at the trial." (*Id.* at 3). The plaintiffs also object to the witness fee of Claude Daniels because the plaintiffs already paid his witness fee. Upon careful review of the objections, the parties' responses, and the bill of costs, the court concludes that the plaintiffs' objections to the bill of costs are due to be overruled.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Taxable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[,] [f]ees and disbursements for printing . . . [, and] [f]ees for exemplification and copies necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (3), & (4).

The plaintiffs argue that the defendant has failed to demonstrate that the costs were reasonable and necessary to the case. *See* Pls' Objections to Def's' Bill of Costs at 2.

---

[1] The plaintiffs raise no other objections to the bill of costs except as set forth in this memorandum opinion. Accordingly, the court concludes that the plaintiffs have no other objections to any other cost.

"Prevailing parties are entitled to receive costs under FED. R. CIV. P. 54(d)." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 620, 621 (11th Cir. 2000). In this circuit, "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P., v. MPW Industrial Servs.,*, 249 F.3d 1293, 1296 (11th Cir. 2001); *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). The law is clear that deposition transcripts are taxable as costs under 28 U.S.C. § 1920 (2). *See United States v. Kolesar*, 313 F2d 835, 840 (5th Cir. 1963); *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).[2] Of the nine (9) depositions at issue, six (6) were noticed and taken by the plaintiffs. In fact, the three depositions not noticed by the plaintiffs were their own depositions and their expert witness's deposition, Dr. Rosenzweig. First, as the opposing parties, the plaintiffs' depositions costs are taxable. *Allen*, 665 F.2d at 697. Next, all of the deposed witnesses were listed on the **plaintiffs'** witness list. *See* Doc. # 55. The plaintiffs also identified excerpts from six of the depositions they expected to rely on at trial. *See* Doc. # 57.

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, *see Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. at 717 (N.D.Ill.1982), and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery," *id.* at 718.

*W & O, Inc.*, 213 F.3d at 621. Finally, with the exception of Dr. Rosenzweig's deposition,

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

3

the plaintiffs relied on all of the depositions to oppose to the defendant's motion for summary judgment.[3] The court would be hard-pressed to conclude that these depositions, which were taken and relied upon by the plaintiffs to oppose the defendant's motion for summary judgment, and were subsequently expected to be relied on at trial, were "unreasonable and not necessary to the case" as argued by the plaintiffs. To the extent that the plaintiffs argue that the depositions must be used at trial in order to be recoverable as costs, the plaintiffs are simply wrong. "It is not necessary to use a deposition at trial for it to be taxable." *W & O, Inc.*, 213 F.3d at 621; *Kolesar*, 313 F.2d at 839; *Allen*, 665 F.2d at 697. Consequently, the court is satisfied that the deposition costs sought by the defendants are properly taxable.

The plaintiffs also object to the witness fee cost for Claude Daniels. "The defendant is not due to recover a witness fee and mileage expenses correlated therewith that have already been born by the plaintiffs." (Pls' Objections to Def's' Bill of Costs at 4.) The plaintiffs cite no law in support of their bald assertion. More importantly, however, FED. R. CIV. P. 45(b)(1) requires the defendant to tender the witness fee and mileage with service of the subpoena. It is undisputed that the defendant issued a subpoena to Claude Daniels to secure his attendance at trial. The mere fact that both the plaintiffs and the defendant subpoenaed Daniels to appear as a witness does not obviate either the requirement to tender the witness fee with the subpoena or the defendant's ability to recoup that cost as a prevailing

---

[3] Although Dr. Rosenzweig's deposition was not used in opposition to the defendant's motion for summary judgment, her testimony was the subject of a *Daubert* motion at trial. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993). Consequently, the court cannot conclude that her deposition was unreasonable or unnecessary.

party. Consequently, the court concludes that the plaintiffs' objection to the witness fee for Claude Daniels is due to be overruled.

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiffs' Objections to the Defendant's Bill of Costs be and are hereby OVERRULED. Pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920, the court AWARDS to the defendants costs in the amount of $11,381.03 for which execution may issue.

Done this 17th day of August, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE